FILED
2003 JUL 28 PM 3:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MERRILL LYNCH, PIERCE FENNER & SMITH INC., | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION NO. |
| v. | ) ) 03-AR-0991-S |
| LEON C. BAKER, | ) ) |
| Defendant. | ) ) |

ENTERED
JUL 2 8 2003

## MEMORANDUM OPINION

On April 30, 2003, Merrill Lynch, Pierce Fenner & Smith, Inc. ("Merrill Lynch") filed this declaratory judgment action seeking a determination that Leon C. Baker ("Baker") and non-party Leon C. Baker, P.C. ("P.C.") are barred from circumventing prior court rulings. On July 3, 2003, Baker filed a motion to dismiss. The motion to dismiss was heard at this court's regular motion docket on July 25, 2003. The motion is due to be granted because this court lacks subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332.

Merrill Lynch contends that there is diversity jurisdiction as well as federal question jurisdiction. According to Merrill Lynch, diversity jurisdiction exists because Merrill Lynch is a citizen of Delaware and New York and Baker is a citizen of Florida and the amount in controversy exceeds $75,000. Merrill Lynch argues that the P.C., a New York professional corporation, is not a dispensable party because it is fictitious. This proposition is based on the fact that the Jefferson County Circuit Court in a judgment entered in May 2003 specifically found that the P.C. was a mere alter ego of Baker individually. However, in that same judgment

1

the Jefferson County Court ordered, adjudged, and decreed that the P.C. and Baker be permanently enjoined from prosecuting or maintaining its current National Association of Securities Dealers arbitration case against Merrill Lynch. Furthermore, the introductory paragraph of the present complaint indicates that it primarily seeks relief against the P.C. Merrill Lynch declares that when it uses the expression "Baker" it is referring "collectively" both to Baker, the named defendant, and to the P.C., and it asks the court to declare that both Baker and the P.C. are barred from circumventing prior court rulings. Moreover, the state court proceeding that Merrill Lynch is complaining about in this action involves a motion by the P.C. in the Circuit Court of Palm Beach County, Florida to compel Merrill Lynch to proceed with an arbitration previously ordered by the Florida court. The P.C. indisputably an indispensable defendant in this action. Its implicit joinder destroys diversity.

Merrill Lynch next contends that there is federal question jurisdiction because in the Florida case Baker specifically asks that an Alabama judgment not be given Full Faith and Credit pursuant to the United States Constitution. In his motion to compel arbitration, Baker states that "the Alabama state court's order, which attempts to prevent the compliance with the order of this court, cannot be given any faith or credit because it violates an express constitutional mandate." In *McDougald v. Jenson*, 786 F.2d 1465, 1479 -1480 (11th Cir.,1986), the court said, "it has long been the case that a suit on a judgment rendered in another state cannot be brought within federal question jurisdiction by alleging that the judgment must be enforced as a matter of traditional statutory or constitutional full faith and credit. *See Hazen Research, Inc. v. Omega Minerals, Inc.,* 497 F.2d 151, 1480 153 & n. 1 (5th Cir.1974). It has been suggested that this is because the relation of the full faith and credit clause to the claim for

enforcement of the judgment is not sufficiently 'direct.' 13B C. Wright, A. Miller, & E. Cooper, *supra*, § 3563, at 50. *See Minnesota v. Northern Securities Co.,* 194 U.S. 48, 72, 24 S.Ct. 598, 605, 48 L.Ed. 870 (1904). The practical observation that, if it were otherwise, 'any attempt, at any time or place, by any person, to enforce the provisions of any state statute or judgment would be, without more, a subject of federal jurisdiction,' may also help to explain the rule. *California ex rel. McColgan v. Bruce,* 129 F.2d 421, 424 (9th Cir.), *cert. denied,* 317 U.S. 678, 63 S.Ct. 157, 87 L.Ed. 544 (1942)." This conclusion is further supported by *Travelers Indem. Co. v. Sarkisian,* 794 F.2d 754, 762 (C.A.2 (N.Y.),1986), where the court rejected the argument that a New York law providing that out-of-state judgments were enforceable only to the extent of the Full Faith and Credit Clause created a substantial question of federal law. The court stated:

> . . . because it would be equally anomalous to federalize every action seeking to enforce an out-of-state judgment, Travelers' state court complaint is not removable simply because the plaintiff expects compliance with the Full Faith and Credit Clause. New York law explicitly provides that foreign judgments are enforceable only to the extent required by the Full Faith and Credit Clause, N.Y.Civ.Prac.Law & R. §§ 5401, 5402 (McKinney 1972). To whatever extent New York has thereby made observance of the Full Faith and Credit Clause an element of plaintiff's cause of action, this "federal" element is too insubstantial to support federal question jurisdiction.

There is no federal question jurisdiction in this case.

Assuming *arguendo* that subject matter jurisdiction exists, the motion to dismiss is still due to be granted based on abstention grounds. In essence, for a district court to have jurisdiction to issue a declaratory judgment, two conditions must be satisfied. *See Exxon Shipping Co. v. Airport Depot Diner, Inc.* 120 F.3d 166, 169 (9th Cir.,1997). First, the dispute must be a "case or controversy" within the confines of Article III of the United States Constitution--the "constitutional" inquiry. Second, the trial court, in its discretion, must be satisfied that

declaratory relief is appropriate--the "prudential" inquiry. *Id.* at 167. It is the prudential inquiry that the court engages in here.

Based on *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 495, 62 Sct. 1173, 1175-76, 89 L.Ed. 1620 (1942), Baker urges the court to abstain from this declaratory judgment. In *Brillhart,* the United States Supreme Court stated that "ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court present the same issue, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." Although the motion to dismiss can be granted pursuant to the abstention doctrine, it should be done pursuant to the abstention doctrine announced in *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), which allows a federal court to dismiss a case when a concurrent state proceeding provides a more appropriate forum and not the *Brillhart* analysis recommended by the defendant. The *Brillhart* analysis differs from the *Colorado River* analysis. *See* 17A *Moores Federal Practice* § 122 (Matthew Bender 3d ed.). The *Colorado River* "exceptional circumstances" standard is more exacting than the *Brillhart* standard. *Id.* The *Brillhart* analysis applies on when the action does not include a request for coercive relief. Here, Merrill Lynch is seeking coercive relief in the form of an injunction.

The *Colorado River* doctrine, as modified by the Supreme Court in *Moses H. Cone Memorial Hospital v. Mercury Constr. Co.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), requires federal courts to consider six factors in determining whether abstention in favor of a concurrent state proceeding is appropriate: (1) the order in which the courts assumed jurisdiction

4

over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties. *See id.* at 16-26, 103 S.Ct. at 937-42. The Supreme Court indicated that these criteria could not be applied according to a rigid formula; no one factor is dispositive. *See id.* However, a federal court considering abstention must weigh these factors with a heavy bias in favor of exercising jurisdiction, s*ee id.* at 16, 103 S.Ct. at 937, since federal courts have a "virtually unflagging obligation" to exercise jurisdiction where it exists. *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246. *See also TranSouth Financial Corp. v. Bell*, 149 F.3d 1292, 294 -1296 (11th Cir. 1998).

     The first factor, the order in which the courts assumed jurisdiction, weighs in favor of abstention. This dispute is the result of an injunction that was issued against the defendant by the Circuit Court of Jefferson County over three years ago. The second factor, the relative inconvenience of the fora, does not weigh for or against abstention. The parties have been involved in Alabama state courts since 1980 and were involved in litigation relating to this dispute in this court in 1995. They have been involved in litigation in Florida since 1992. The third factor, the order in which jurisdiction was obtained and the relative progress of the two actions, weighs in favor of abstention. This factor requires the court to consider not only the chronological order in which the parties initiated the concurrent proceedings, but the progress of the proceedings and whether the party availing itself of the federal forum should have acted earlier. *See Moses H. Cone,* 460 U.S. at 21-22, 103 S.Ct. at 939-40. Both the Circuit Court of Jefferson County and the Circuit Court of Palm Beach County had jurisdiction over this dispute

before this court was involved. Merrill Lynch recently filed a Petition for Contempt of Court in the Jefferson County Circuit Court against Baker and the P.C. for alleged violations of the permanent injunction. The Jefferson County Circuit Court granted Merrill Lynch's petition on July 3, 2003, fining Baker, holding him in contempt of court, and ordering him to dismiss immediately the Florida state court action. The motion to compel arbitration appears to have been filed on February 6, 2003. It was filed pursuant to a December 1994 agreed order granting Merrill Lynch's motion for an order compelling arbitration. There is no evidence on the record about the status of this motion. Merrill Lynch's collateral estoppel and res judicata defenses can be sufficiently dealt with by the two state circuit courts. Concerns of comity and federalism warrant deferral to the previous state court proceedings brought by these parties. For the reasons stated above, the "piecemeal litigation" factor weighs against exercising jurisdiction. The fifth factor, whether federal law provides the rule of decision may weigh slightly in favor of maintaining jurisdiction. The underlying complaint is a motion to compel arbitration and the Federal Arbitration Act, 9 U.S.C. §§ 3-4 governs motions to compel arbitration. Merrill Lynch also points to the fact that this case involves the Full Faith and Credit Clause of the Constitution. It could be reasoned that resolution of the underlying dispute being governed by federal law is a factor that strongly suggests a federal court should exercise its jurisdiction. However, the underlying dispute is actual more complex and not only deals with a motion to compel arbitration but also a possible violation of a state issued injunction. As previously stated, Merrill Lynch's collateral estoppel and res judicata defenses can be sufficiently dealt with by the two state circuit courts. The final factor, whether the state court will adequately protect the rights of all parties, weighs in favor of abstention for the reasons stated above. The state court is better

suited to determine the issues between the parties. If this is a federal constitutional question, it is one that can be addressed by the state courts.

Abstention is appropriate here also because the declaratory relief requested here is superfluous. The Circuit Court of Jefferson County issued an order in May 2000 that permanently enjoined

> a. Leon Baker, PC. from prosecuting or maintaining its NASD arbitration case against Merrill Lynch, which is styled *Leon C. Baker, P.C. v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.,* NASD Case no. 99-03764.
>
> b. Leon Baker, P.C. and Leon Baker from filing, bringing, maintaining, or facilitating any arbitration case that seeks to hold Merrill Lynch liable or responsible for (1) the actions of the Circuit Court of Jefferson County in *R.J. Bennett, et al, v. Leon C. Baker, et al.,* . . . (2) or withdrawal(s) that the Jefferson County Circuit Court ordered from Merrill Lynch Account Number 754-96534;
>
> c. Leon Baker, P.C., and Leon Baker from filing or prosecuting any arbitration claim that challenges the two findings of this Court in CV 94-5625 . . .
>
> d. Leon Baker, P.C., and Leon Baker from giving testimony or from causing others to give testimony that relates in any way to the findings described in subparagraph "b" above", including testimony that is used in an attempt to hold Merrill Lynch liable for the withdrawal of the funds from Account 754-96534.

The Jefferson County Circuit Court granted Merrill Lynch's petition for contempt on July 3, 2003, fining Baker, holding him in contempt of court, and ordering him to dismiss immediately the Florida state court action. Merrill Lynch states that Baker has disregarded this July 3, 2003 order which is an issue that the Jefferson County Circuit Court must resolve. Merrill Lynch asks this court to issue essentially the same injunction that was issued by the Circuit Court of Jefferson County. It would be an illusory act to grant a further declaration of rights and injunction. It would serve no useful purpose and it is an accepted principle that no declaration should be made, unless it serve a useful, practical purpose, or when no beneficial result would follow. *See United States v. Jones,* 176 F.2d 278, 280 (9th Cir.1949).

7

Baker's arguments concerning personal jurisdiction and improper service of process are without merit and this court need not address the issue of its authority to stay the proceedings in Florida pursuant to 28 U.S.C. § 2283 since the motion is due to be granted on other grounds.

By separate order, the court will grant Baker's motion to dismiss.

DONE this 28th day of July, 2003.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

8